RANDOLPH KNAPP *vs.* APOLLOS BRIGGS & another.

If a note which is tainted with usury is renewed by a series of subsequent notes, and each renewal is accompanied by a new payment of usury, the forfeiture therefor is threefold the amount of all the illegal interest so received; and this forfeiture will be deducted in an action by an indorsee for value, before maturity, of the last note, although prior to the last renewal the payee had procured the note then held by him to be discounted at a bank, and agreed for the renewal while it was thus out of his hands.

CONTRACT, against the makers of a promissory note, dated August 17, 1860, payable in four months to Virgil Draper, or or ler, and indorsed by the payee to the plaintiff before maturity. The only defence was usury.

At the trial in the superior court, the defendant offered to show that in December 1858 the defendant Briggs borrowed ninety dollars of Draper, for which he gave him a note at four months for one hundred dollars; and that the same was renewed every four months thereafter, with the payment of usury at the time of each renewal, until August 1860, when Draper, who had procured the note last received by him to be discounted at a bank, promised to take it up, if Briggs would give him a new note, with additional usury, which Briggs agreed to do. Draper accordingly took up the note at the bank, and received in exchange the note in suit; but Briggs did not pay the additional usury promised. Threefold the amount of all the usury received by Draper exceeded the amount of the note in suit, and *Rockwell,* J. ruled that the plaintiff could not recover; and a verdict was returned for the defendants. The plaintiff alleged exceptions.

*C. I. Reed,* for the plaintiff.

*T. J. Lothrop,* (*E. H. Bennett* with him,) for the defendants.

METCALF, J. The judge ruled rightly that the plaintiff was not entitled to recover. The statute law as to usury applies as well to the indorsee of a note as to the payee. *Kendall* v. *Robertson,* 12 Cush. 156. It applies also as well to the note in suit as to the note given for the money lent in December 1858. The renewal of a note tainted with usury does not purge the taint,

unless, in the renewed note, a deduction is made of all that was paid usuriously, or unless the sum so received is paid back. Blydenburgh on Usury, 88.  2 Saund. Pl. & Ev. (2d ed.) 1189. In this case usury was included in all the notes given by way of renewal.

The fact that Draper, the payee, procured the note, for which the note in suit was given as a renewal, to be discounted for his own benefit, did not relieve this note from the taint which attached to the note which was thus discounted.  When he took up that note by paying it to the bank, he held it subject to the same defence as when he indorsed it to the bank.  Threefold the amount of all the illegal interest reserved or taken on the several notes given for the original loan is to be deducted; and as that amount exceeds the sum for which this note was given, the Gen. Sts. c. 53, § 4, require that judgment be given for the defendants. *Exceptions overruled.*